1
2
3                    UNITED STATES DISTRICT COURT
4                 FOR THE NORTHERN DISTRICT OF CALIFORNIA
5                               OAKLAND DIVISION

| | |
|---|---|
| LISA DEVRIES,<br><br>    Plaintiff,<br><br>  vs.<br><br>SAXON MORTGAGE SERVICES, INC., and Does 1 to 10, inclusive,<br><br>    Defendants. | Case No: C 10-1098 SBA<br><br>**ORDER GRANTING STIPULATION TO SUBSTITUTE PLAINTIFF IN PROPRIA PERSONA**<br><br>Docket 22 |

   The parties are presently before the Court on a "Stipulation to be Relieved as Counsel [and] Substitution of Attorney" in which Plaintiff Lisa Devries seeks to substitute herself in propria persona in place of her counsel of record, Jonathan Fried.  The Court's Civil Local Rules authorize an attorney to withdraw as counsel of record so long as he or she (1) provides written notice to the client and all other parties in the action and (2) obtains leave of court.  Civ. L.R. 11-5(a); see Darby v. City of Torrance, 810 F. Supp. 275, 276 (C.D. Cal. 1992).  Permission to withdraw is discretionary.  See Washington v. Sherwin Real Estate, 694 F.2d 1081, 1087 (7th Cir. 1982).  The record confirms that Plaintiff's counsel has provided notice of the instant stipulation to Plaintiff and Defendant.  Good cause appearing, the Court GRANTS the stipulation.

   Plaintiff should be aware that although she is now representing herself in this action, she nevertheless is obligated to follow the same rules as represented parties.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) (finding that pro per litigants must follow the same procedural rules as represented parties).  Self-representation is not an excuse for non-compliance with court rules.  See Swimmer v. I.R.S., 811 F.2d 1343, 1344 (9th Cir. 1987)

("[i]gnorance of court rules does not constitute excusable neglect, even if the litigant appears pro se.") (citation omitted).  It is Plaintiff's responsibility to prosecute the claims alleged in her complaint in a manner consistent with the Federal Rules of Civil Procedure, the Court's Local Rules and the standing and other orders of this Court.   She must keep the Court informed of any change of address and serve copies of all court filings on all other parties.  Failure to comply with any of these requirements may result in the imposition of sanctions, up to and including the dismissal of this action.

Finally, the Court notes that Defendant has filed three motions, which presently are scheduled for hearing on June 8, 2010.  These motions are:  (1) Defendant's Motion to Expunge Lis Pendens or, in the Alternative, for an Undertaking; (2) Defendant's Motion to Dismiss Plaintiff's Complaint; and (3) Defendant's Motion to Strike Portions of Plaintiff's Complaint. Under Local Rule 7-3(a), oppositions to the motions were due by May 18, 2010.  The Court's Standing Orders provide that the failure to oppose a motion may be construed as a consent to the granting of such motion.  Because no response to any of the motions has been filed, the Court could, in its discretion, grant the motions as unopposed.  See Ghazali, 46 F.3d at 53-54.  However, given the circumstances presented involving Plaintiff's desire to represent herself, and in consideration of less drastic alternatives to dismissal, the Court will grant Plaintiff a further opportunity to oppose Defendant's motions.  Accordingly,

IT IS HEREBY ORDERED THAT:

1. The stipulation permitting Plaintiff to substitute herself in propria persona in place of Jonathan Fried is GRANTED.  The Clerk shall terminate Mr. Fried as counsel of record in ECF and shall indicate in the docket that Plaintiff is representing herself.  The Clerk shall indicate the following contact information for Plaintiff in ECF:

>  Lisa Devries
>  5918 Mountain Hawk
>  Santa Rosa, CA 95409
>  Telephone:  707-328-1122
>  Facsimile:  707-538-3886

2.      Up to and including June 25, 2010, all notices, papers, and pleadings that may or must be served on the Plaintiff shall be served upon Jonathan Fried by regular or overnight mail, which is ordered to forward any materials received directly to Plaintiff.  See Civ. L.R. 11-5(b).  In addition to serving Mr. Fried, Defendant may serve Plaintiff directly at the address listed above.

3.      After June 25, 2010, service upon Plaintiff by Defendant shall be made directly to her, utilizing the address listed above.

4.      Mr. Fried shall immediately serve Plaintiff with a copy of this Order and shall thereafter file a proof of service to confirm the same.

5.      Plaintiff shall have until **June 14, 2010**, to file her opposition or statement of non-opposition to the following motions:  (1) Defendant's Motion to Expunge Lis Pendens or, in the Alternative, for an Undertaking; (2) Defendant's Motion to Dismiss Plaintiff's Complaint; and (3) Defendant's Motion to Strike Portions of Plaintiff's Complaint.  Plaintiff's failure to timely respond to each motion may be deemed to be a consent to the granting of the motion to which no response has been filed.   Plaintiff must serve a copy of her response on counsel for Defendant:  Stuart Wolfe of Wolfe & Wyman LLP, 2175 N. California Blvd., Ste 645, Walnut Creek, California  94596-3502 (Telephone: 925-280-0004; Facsimile: 925-280-0005).  Plaintiff is advised to review Civil Local Rule 7, which sets forth the procedural rules in this Court for submitting motion papers.

6.      Defendant shall file and serve its reply by no later than **June 21, 2010.** The hearing on Defendant's Motion to Expunge Lis Pendens or, in the Alternative, for an Undertaking, Defendant's Motion to Dismiss Plaintiff's Complaint and Defendant's Motion to Strike Portions of Plaintiff's Complaint is CONTINUED from June 8, 2010 to **July 27, 2010 at 1:00 p.m.** in Courtroom 1 of the United States District Courthouse, 1301 Clay St., 4th Floor, Oakland, California  94612.

7.      The Case Management Conference scheduled for June 30, 2010 is CONTINUED to July 27, 2010, and shall follow the hearing on the motions.  Pursuant to Federal Rule of Civil Procedure 78(b), the Court may adjudicate the motions without oral

1  argument.  The parties are advised to check the Court's website to determine whether an
2  appearance for the motion and case management conference is required.
3         IT IS SO ORDERED.
4  Dated:  May 21, 2010

   *Saundra B Armstrong*
   SAUNDRA BROWN ARMSTRONG
   United States District Judge