UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| LISA DEVRIES,<br><br>      Plaintiff,<br><br>   vs.<br><br>SAXON MORTGAGE SERVICES, INC., and Does 1 to 10, inclusive,<br><br>      Defendants. | Case No: C 10-1098 SBA<br><br>**ORDER GRANTING DEFENDANT'S UNOPPOSED MOTIONS TO DISMISS AND TO EXPUNGE LIS PENDENS**<br><br>Docket 14, 15, 16 |

This is a mortgage fraud case brought by Plaintiff Lisa Devries against Defendant Saxon Mortgage Services.  The parties are presently before the Court on: (1) Defendant's Motion to Dismiss Plaintiff's Complaint; (2) Defendant's Motion to Strike Portions of Plaintiff's Complaint; and (3) Defendant's Motion to Expunge Lis Pendens or, in the Alternative, for an Undertaking.  The Court has received no opposition to any of these motions. Having read and considered the papers submitted in connection with this matter, and being fully informed, the Court hereby GRANTS the motion to dismiss and motion to expunge lis pendens, and DENIES the motion to strike as moot.  Pursuant to Federal Rule of Civil Procedure 78(b), the Court adjudicates the instant motion without oral argument.

I. **BACKGROUND**

On January 10, 2010, Plaintiff, through her then attorney, Jonathan Fried, filed a complaint against Defendant in Sonoma County Superior Court based on its alleged mishandling of her proposed loan modification.  Defendant removed the action to this Court on March 15, 2010, on the basis of diversity jurisdiction, 28 U.S.C. § 1332.

On April 6, 2010, Defendant filed the aforementioned motions to dismiss, to strike and to expunge lis pendens, which were noticed for June 8, 2010. Based on the hearing date, Plaintiff's oppositions were due by no later than May 18, 2010. No responses were filed. Instead, on May 19, 2010, Plaintiff submitted a stipulation to relieve Mr. Fried as counsel and to substitute herself pro se in his stead.

On May 21, 2010, the Court granted Plaintiff's request and relieved Mr. Fried as her counsel of record. In its Order, the Court noted that the deadline for Plaintiff's oppositions had passed, and that the Court could, in its discretion, grant the motions as unopposed. However, in consideration of less drastic alternatives to dismissal, the Court sua sponte granted Plaintiff an extension of time to file her responses, and directed her to do so by June 14, 2010. The Court explicitly warned Plaintiff that the failure to timely file her responses to Defendant's motions "may be deemed to be a consent to the granting of the motion to which no response has been filed." (Order at 3. Docket 23.) To date, Plaintiff has filed no response to any of Defendant's motions.

## II. DISCUSSION

### A. MOTION TO DISMISS

Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action where plaintiff has failed to comply with the Federal Rules of Civil Procedure, the Court's local rules or any court order. Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992). Pursuant to this authority, the Ninth Circuit has held that the failure to file an opposition to a motion to dismiss in contravention of the local rules is grounds for granting the motion. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). In Ghazali, the Ninth Circuit held that in exercising its discretion to dismiss an action for failing to comply with a district court's local rules or orders, the court is "required to weigh several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" Id. (quoting Henderson v. Duncan, 779 F.2d 1421, 1423

(9th Cir. 1986)).  Upon balancing the Ghazali factors under the facts of this case, the Court finds that dismissal is warranted.

The first and second factors both favor dismissal.  Under Local Rule 7-3, Plaintiff was obligated to file her oppositions to the pending motions by no later than May 18, 2010.  In violation of that rule, she failed to do so.  Although that deadline had passed, the Court, on its own volition, granted Plaintiff an extension of time and ordered her to file her responses by June 14, 2010.  She failed to comply with that order as well.  Plaintiff's repeated failures to comport with Court's filing requirements undermine the Court's ability to expedite the resolution of the action.  Such non-compliance inherently delays resolution of the case and insures to the detriment of the public.  See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants"); Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999) (recognizing court's need to control its own docket); see also Ferdik, 963 F.2d at 1261 (non-compliance with a court's order diverts "valuable time that [the court] could have devoted to other major and serious criminal and civil cases on its docket.").

The third factor, the risk of prejudice to the defendants, is related to the strength of the plaintiff's excuse for the default, if any.  See Yourish, 191 F.3d at 991.  Here, Plaintiff has offered no "excuse" for her non-compliance, nor is any apparent from the record.  Since Defendant's filing of its motions over three months ago, the Court has received no response from Plaintiff regarding her position on any of those matters.  Plaintiff has simply failed to provide any reason whatsoever for her failure to comply with the Court's Orders and none is apparent from the record.  These facts also weigh strongly in favor of dismissal.  See Yourish, 191 F.3d at 991; Ghazali, 46 F.3d. at 54.

The fourth factor favoring disposition of cases on the merits, by definition, weighs against dismissal.  Pagtalunan, 291 F.3d at 643 ("Public policy favors disposition of cases on the merits.  Thus, this factor weighs against dismissal").

Finally, the Court has considered less drastic alternatives to dismissal.  The Court previously could have dismissed the action based on Plaintiff's failure to oppose Defendant's

1  motions. But instead of granting the motions at that time, the Court instead afforded Plaintiff
2  another opportunity to respond to the motions. Repeating the rule express in its Standing
3  Orders, the Court expressly warned Plaintiff that it would grant the motions if she did not
4  timely oppose them. "[A] district court's warning to a party that failure to obey the court's
5  order will result in dismissal can satisfy the 'consideration of [less drastic sanctions]'
6  requirement." Ferdik, 963 F.2d at 1262; Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994)
7  ("We conclude that because Brydges was warned of the consequence of his failure to respond
8  to the appellees' summary judgment motion, the district court did not err by deeming his
9  failure to respond a consent to the motion for summary judgment"). Weighing the relevant
10 factors, the Court exercises its discretion and grants the Defendant's motion to dismiss.

### B. MOTION TO EXPUNGE LIS PENDENS

Federal courts look to state law regarding in matters pertaining to lis pendens. See 28 U.S.C. § 1964. "A lis pendens is recorded by someone asserting a real property claim, to give notice that a lawsuit has been filed which may, if that person prevails, affect title to or possession of the real property described in the notice." Federal Deposit Ins. Corp. v. Charlton, 17 Cal.App.4th 1066, 1069 (1993) (citing Cal.Code Civ. Pro. §§ 405.2, 405.4, 405.20). "Its effect is that anyone acquiring an interest in the property after the action was filed will be bound by the judgment. . . . Once a lis pendens is filed, it clouds the title and effectively prevents the property's transfer until the litigation is resolved or the lis pendens is expunged." BGJ Associates, LLC v. Superior Court of Los Angeles, 75 Cal.App.4th 952, 966-67 (1999).

A motion for expungement may be brought at any time after notice of pendency has been recorded. Cal.Code Civ. Pro. § 405.30. The party who recorded the notice of lis pendens bears the burden of proof in opposing expungement. Id. A lis pendens shall be expunged if the court finds either that the pleading on which the notice is based does not contain a real property claim, id. § 405.31, or that the claimant failed to establish by a preponderance of the evidence the probable validity of the real property claim, id. § 405.32. See Hunting World, Inc. v. Superior Court of San Francisco, 22 Cal.App.4th 67, 70-71 (1994). Here, Plaintiff has effectively consented to the expungement of the lis pendens by failing to oppose Defendant's

motion.  In addition, Plaintiff, by her silence, has failed to demonstrate the probably validity of any real property claim, to the extent that any has been alleged.  The Court will therefore grant Defendant's unopposed motion to expunge lis pendens.

Finally, Defendant requests $1,852.50 in attorney's fees, pursuant to California Code of Civil Procedure § 405.38.  Section 405.38 provides that "[t]he court shall direct that the party prevailing on any motion under this chapter be awarded the reasonable attorney's fees and costs of making or opposing the motion unless the court finds that the other party acted with substantial justification or that other circumstances make the imposition of attorney's fees and costs unjust."  In this case, the Court finds that imposition of fees would be unjust.  This Court's Standing Orders require the moving party to meet and confer with the other party prior to filing its motion.  The purpose of this requirement is to eliminate the time and expense associated with motion practice where no judicial intervention is, in fact, needed.  However, there is no indication in Defendant's motion that it complied with that requirement.  Had Defendant done so, Plaintiff may have voluntarily expunged the lis pendens, thereby obviating the necessity of preparing the instant motion.[1]  Thus, the Court denies Defendant's request for an award of fees.

## III. CONCLUSION

For the reasons stated above,

IT IS HEREBY ORDERED THAT:

1. Defendant's motion to dismiss is GRANTED.

2. Defendant's motion to expunge lis pendens is GRANTED, except that no fees shall be awarded to Defendant in connection with said motion.

3. Defendant's motion to strike is DENIED as moot.

4. The hearing previously scheduled for July 27, 2010, is VACATED.

5. The Clerk shall close the file and terminate any pending matters.

---

[1] In addition, the bulk of the requested fees is for work that Defendant's counsel never was required to perform (i.e., reviewing Plaintiff's opposition, preparing a reply and appearing in court for the hearing on the motion).

1  IT IS SO ORDERED.

2  Dated:  July 8, 2010

   _____
   SAUNDRA BROWN ARMSTRONG
   United States District Judge

**1** UNITED STATES DISTRICT COURT
FOR THE
**2** NORTHERN DISTRICT OF CALIFORNIA

**3**
DE VRIES et al,
**4**
      Plaintiff,
**5**
  v.
**6**
SAXON MORTGAGE SERVICES, INC. et al,
**7**
      Defendant.
**8**                                          /

**9**
                                                          Case Number: CV10-01098 SBA
**10**
                                                          **CERTIFICATE OF SERVICE**
**11**

**12** I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.
**13**
That on July 8, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said
**14** copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle
**15** located in the Clerk's office.

**16**

**17**
Lisa De Vries
**18** 5918 Mountain Hawk
Santa Rosa, CA 95409
**19**

**20**
Dated: July 8, 2010
**21**                                                     Richard W. Wieking, Clerk

**22**                                                          By: LISA R CLARK, Deputy Clerk

**23**

**24**

**25**

**26**

**27**

**28**